DATE RECEIVED

SEP 2 6 2016

LAW DEPARTMENT



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

LDD / ALL
Transmittal Number: 15660410
Date Processed: 09/22/2016

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin MD 3604<br>Whirlpool Corporation Global Headquarters<br>2000 North M 36<br>Benton Harbor, MI 49022 |

| | |
|---|---|
| Entity: | Whirlpool Corporation<br>Entity ID Number 2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Rosemary Caldwell vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulsa County District Court, Oklahoma |
| Case/Reference No: | CJ-2016-03355 |
| Jurisdiction Served: | Oklahoma |
| Date Served on CSC: | 09/21/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Smolen, Smolen & Roytman, PLLC<br>918-585-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT "2"**



## IN THE DISTRICT COURT OF TULSA COUNTY DISTRICT COURT
### STATE OF OKLAHOMA F I L E D



ROSEMARY CALDWELL )
)                              SEP 1 5 2016
        Plaintiff,           )
)                    SALLY HOWE SMITH, COURT CLERK
)                    STATE OF OKLA. TULSA COUNTY
)          **CJ-2016-03355**
vs.                          )
)
WHIRLPOOL CORPORATION,       )         ATTORNEY LIEN CLAIMED
)
        Defendant.           )         **REBECCA NIGHTINGALE**

### PETITION

COMES NOW, the Plaintiff, Rosemary Caldwell, through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright of *Smolen, Smolen and Roytman, P.L.L.C.*, and bring this action against the Defendant for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1.      This is an action for damages to redress deprivation of rights secured by Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C.A. § 2000e, et seq, and the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553.

2.      The Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3.      Defendant Whirlpool Corporation ("Whirlpool") is a foreign for profit business corporation doing business in Tulsa County, Oklahoma and employs over five hundred (500) employees in Tulsa County, Oklahoma and over twenty-two thousand (22,000) employees in the United States.

1

4.     The injuries that are the subject of this dispute occurred in Tulsa County,

Oklahoma

5.     This Court has jurisdiction and venue is proper in Tulsa County, State of

Oklahoma.

## FACTS COMMON TO ALL COUNTS

6.     Plaintiff, Rosemary Caldwell, incorporates as if realleged Paragraphs 1-5.

7.     Plaintiff began her employment with Whirlpool August 17, 2006 as a Line

Technician.

8.     Plaintiff was not subject to disciplinary action in the nine years prior to her

termination and in fact was in charge of training others employees.

9.     In April or May of 2015, someone left a noose hanging in the area

adjacent to Plaintiff's work area. The two women working next to Plaintiff's work area at

that time were also African American women. Whirlpool's Human Resources department

was notified and Plaintiff gave her account of the incident. Management took pictures of

the noose left adjacent and Plaintiff was told there would be an investigation, but never

heard anything more about it.

10.     Also around May or June of 2015, Plaintiff was subjected to a curse filled

rant by her Caucasian team leader after she complained of his excessive and disruptive

horseplay in her work area. Plaintiff complained about her treatment to management and

the Caucasian team leader was allowed to keep his job.

11.     This same team leader showed disparate treatment to Plaintiff, an African

American, compared to her non-African American co-workers. The team leader often

flirted with the younger, non-African American females and helped them with their work

2

pulling glass or performing other tasks at the factory, but rarely if ever helped Plaintiff with the same work.

12.     Generally, African American employees were expected to work harder than their non-African American counterparts and were not promoted as often although they were as qualified as their non-African American co-workers.

13.     On or around June 20, 2015, Plaintiff injured her hand and her arm while at work at Whirlpool. She reported it to Defendant and Medcore, the health care service provided by Defendant.

14.     Around this time, Plaintiff informed the Defendant that she had pain in her left hand, wrist and arm and requested an accommodation. Plaintiff's suffered from tendonitis causing pain in her left hand, wrist and arm. Defendant failed to accommodate the Plaintiff when it assigned Plaintiff from lifting or "pulling," glass tops to so-called "light duty," which still involved heavy lifting that caused pain in Plaintiff's injured hand and arm and violated her lifting restriction.

15.     The Plaintiff is aware of Caucasian coworkers who required light duty due to medical restrictions who were granted that accommodation.

16.     Defendant required Plaintiff to seek medical care for her workplace injury from an onsite physical therapist named Joe Ramsey. This therapy caused her arm to become swollen and also caused her pain, which she complained about. Plaintiff joked with Mr. Ramsey about the pain it caused but also told management that she no longer wanted to be treated at their facility because of the additional pain involved.

17.     On or around August 8, 2015, the pain from Plaintiff's injury combined with the treatment provided by Defendant at their factory caused Plaintiff to become ill and leave work.

18.     On or around August 10, 2015, Defendant requested that Plaintiff provide documentation supporting her injury, which she did.

19.     The Defendant, Whirlpool Corporation, wrongfully discharged plaintiff on August 10, 2015, despite the fact she had no previous disciplinary action for misconduct or tardiness.

20.     Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On January 30, 2016, Plaintiff filed a Charge of Discrimination with the EEOC.

21.     A Notice of Suit Rights was mailed on or about June 20, 2016. This Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

22.     Plaintiff was discharged as a result her race, as a result of reporting the racially hostile work environment, as protected under Title VII of the Civil Rights Act and pursuing an accommodation, as protected under the ADA as amended by the ADAAA.

## FIRST CLAIM FOR RELIEF
## (DISCRIMINATION & RETALIATION BASED ON RACE: TITLE VII)

23.     Plaintiff incorporates as if realleged the preceding paragraphs.

24.     The Defendant engaged in unlawful employment practices by terminating Plaintiff and treating her differently than similarly situation employees who were not African American, the Defendant has violated Title VII of the Civil Rights Act of 1964.

4

25.     The Defendant engaged in unlawful employment practices when it terminated the Plaintiff's employment for engaging in protected activity when she complained about the racially hostile work environment to which she was being subjected.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement

b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c.  Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d.  Her attorney fees and the costs and expenses of this action;

e.  Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## (HOSTILE WORK ENVIRONMENT: TITLE VII)

26.     Plaintiff incorporates as if realleged the proceeding paragraphs.

27.     The Defendant's actions in allowing a hostile work environment to continue after Plaintiff, an African America, informed them of the harassment from her team leader as well as the noose violates Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement

b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

5

c.  Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d.  Her attorney fees and the costs and expenses of this action;

e.  Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### (DISCRIMINATION BASED ON DISABILITY: ADAAA)

28.    Plaintiff incorporates as if realleged the proceeding paragraphs.

29.    The Defendant's actions in failing to provide Plaintiff a reasonable accommodation due to her disability is in violation of the ADA as amended by the ADA Amendments Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement

b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c.  Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d.  Her attorney fees and the costs and expenses of this action;

Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30.    Plaintiff incorporates as if realleged the preceding paragraphs.

31.    The Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have causes severe motional and physiological damage to the Plaintiff.

6

32.    The Defendant intentional or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement;

b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c.  Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d.  Her attorney fees and the costs and expenses of this action;

e.  Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, equitable relief, injunctive relief, and all other relief deemed appropriate by this Court

Respectfully Submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA #19943
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
Telephone: (918) 585-2667
Facsimile: (918) 585-2669
*Attorney for Plaintiff*

8